IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF PUERTO RICO

| | |
|---|---|
| SANDRA TORRES LUGO, on behalf of the minor DLVT<br><br>    Plaintiff<br><br>    vs<br><br>LOYOLA ATHLETIC CLUB OF PUERTO RICO, INC.; PUERTO RICO ELECTRIC POWER AUTHORITY; XYZ INSURANCE COMPANIES; JOHN DOE AND RICHARD ROE; XYZ ENTITIES; XYZ COMPANIES<br><br>    Defendants | CIVIL NO. 12-1253 (DRD)<br><br>SUBJECT:<br><br>DAMAGES<br><br>PLAINTIFFS REQUEST JURY TRIAL |

## COMPLAINT

TO THE HONORABLE COURT:

    **COMES NOW**, plaintiff SANDRA TORRES LUGO (hereinafter "SANDRA"), on behalf of her minor child DLVT, through the undersigned attorney, and respectfully SET FORTH and PRAY:

### JURISDICTION OF THE COURT

    1.    This is an action for damages, and the jurisdiction of this Honorable Court is predicated on the diversity of citizenship of the parties under the provisions of 28 U.S.C.A. §1332 insofar plaintiff Sandra Torres Lugo, and her minor child DLVT are citizens of the state of New York, and the defendants LOYOLA ATHLETIC CLUB OF PUERTO RICO, INC.,

PUERTO RICO ELECTRIC POWER AUTHORITY, XYZ INSURANCE COMPANIES, JOHN DOE AND RICHARD ROE, XYZ ENTITIES, and XYZ COMPANIES are citizens of the Commonwealth of Puerto Rico, and/or states other than New York, and/or corporations and/or other entities organized and existing under the laws of the Commonwealth of Puerto Rico, and/or states other than New York, with their principal place of business in the Commonwealth of Puerto Rico, and/or states other than New York.

2. This Honorable Court has subject matter jurisdiction to entertain this action, and has jurisdiction over the parties, as all of the parties on either side of the litigation are of diverse citizenship and the amount in controversy exceeds, exclusive of interest and costs, seventy five thousand dollars ($75,000.00), as required by the applicable law.

3. Venue is proper as the acts giving rise to this action occurred in the Commonwealth of Puerto Rico, and defendants do business in Puerto Rico.

### THE PARTIES

4. The allegations contained in paragraphs 1 through 3 of the Complaint are incorporated herein as if fully set forth at length herein.

5. Plaintiff Sandra is of legal age, and the mother of the minor DLVT.

6. DLVT is daughter of the deceased Edwin Vera Delgado.

7. Sandra and DLVT are residents of the state of New York.

8. At all times material hereto, defendant Loyola Athletic Club of Puerto Rico, Inc. (hereinafter "Loyola") was, and still is, a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico, with principal offices in San Juan, Puerto Rico. On information and belief, Loyola owns, operates and manages the recreational facilities named "Fraigcomar", located in San Juan.

9. At all times material hereto, defendant Puerto Rico Electric Power Authority (hereinafter "PREPA") was, and still is, a public corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico, with capacity to sue and be sued, with principal offices in San Juan, Puerto Rico. PREPA is in charge of the maintenance and has the jurisdiction and control over the electrical installations and wires within the "Fraigcomar" area.

10. At all times material hereto, defendants XYZ Insurance Companies are one or more insurance companies or entities engaged in the insurance business, who had issued one or more insurance policies to some or all of the defendants in this case providing coverage for facts such as the ones alleged in this Complaint, whose true identities are unknown at this time.

11. John Doe and Richard Roe are the fictitious names of any and all persons who may be responsible to the plaintiff for the facts alleged in this Complaint, whose true identities are unknown at this time.

12. XYZ ENTITIES are the fictitious names of any and all partnerships and/or entities of any kind that may be responsible to the plaintiff for the facts alleged in this Complaint, whose true identities are unknown at this time.

13. XYZ COMPANIES are the fictitious names of any and all legal entities that may be responsible to the plaintiff for the facts alleged in this Complaint, whose true identities are unknown at this time.

14. XYZ INSURANCE COMPANIES are directly and jointly liable to the plaintiff under the provisions of the Puerto Rico Insurance Code for the performance and satisfaction of the relief hereinafter sought.

**FACTS**

15. The allegations contained in paragraphs 1 through 14 of the Complaint are

incorporated herein as if fully set forth at length herein.

16. On April 18, 2011, at approximately 9:00 a.m., Mr. Edwin Vera Delgado, of 35 years of age, was cleaning the pool located in codefendant Loyola's facilities.

17. For cleaning, codefendant Loyola had provided Mr. Vera with some equipment, including an aluminum telescopic pole and a pool vacuum cleaner.

18. The equipment provided by codefendant Loyola to Mr. Vera was in bad shape and was not adequate for its use in the cleaning of the pool.

19. Suddenly, when Mr. Vera was cleaning the pool, the aluminum telescopic pole that Mr. Vera was using, made contact with an electrical wire that was not at a reasonable and secure distance and that was close to the fence of the area where the pool is located.

20. As a consequence of the contact made with the electrical wire, Mr. Vera received a severe electric shock, which threw him suddenly to the floor, and left him moribund until he finally died electrocuted.

21. The electrical wire that Mr. Vera made contact with was not only at a distance that was not reasonable and secure, and close to the fence where the pool is located, but was also peeled and in bad shape.

## NEGLIGENCE

22. The allegations contained in paragraphs 1 through 21 of the Complaint are incorporated herein as if fully set forth at length herein.

23. The negligent acts and/or omissions of codefendant Loyola consist, among others, in maintaining an unsecure facility for Mr. Vera to perform cleaning duties, failing to establish security measures to avoid accidents as the one that occurred in this case, failing to provide the equipment and appropriate security mechanisms to protect the persons that were working in the

Case 3:12-cv-01253-DRD   Document 1   Filed 04/16/12   Page 5 of 7

PAGE - 5 -

area where the accident occurred and failing to take the necessary measures to ensure the repair and/or correction of the dangerous conditions of the electrical wires located in the accident area, among other negligent acts and/or omissions.

24. The negligent acts and/or omissions of codefendant PREPA consist, among others, in failing to provide adequate maintenance to the electrical wires located at the accident area, allowing such wires to be in bad shape and at an inadequate and unsecure distance, failing to establish security measures to avoid accidents as the one that occurred in this case, and failing to take the necessary measures to repair and/or correct the dangerous conditions of such electrical wires, among other negligent acts and/or omissions.

25. The codefendant Loyola has no employer immunity, as it had no policy issued by the State Insurance Fund Corporation.

## DAMAGES

26. The allegations contained in paragraphs 1 through 25 of the Complaint are incorporated herein as if fully set forth at length herein.

27. As a consequence of the negligent acts and/or omissions committed by the defendants, Edwin Vera Delgado passed away, not without going through intense mental suffering, anguishes and physical damages, which have been passed on to his heirs as a result of his death.

28. Mr. Vera, previous to his passing, suffered intense pains and aches, as well as desperation, anguish and helplessness in experiencing his own electrocution. Mr. Vera went also through intense mental suffering. Such damages are currently estimated in an amount not less than two million dollars ($2,000,000.00).

29. Similarly, plaintiff has the right to be compensated for loss of future earnings in

an amount not less than one million dollars ($1,000,000.00), due to the fact that Mr. Vera was working at the time of his death and had a productive life ahead, considering his short age.

30. As a result of the negligent acts and/or omissions committed by the defendants, minor DLVT has and still goes through intense mental suffering due to her father's death, as well as being constantly reminded of the suffering he lived prior to his death, and being deprived of his love, care, company and protection, among others. These damages are currently estimated in an amount not less than one million dollars ($1,000,000.00).

31. The damages suffered by the plaintiff were due to, only and exclusively, the negligence of each and every one of the defendants, for which they respond directly and jointly to the plaintiff.

**WHEREFORE**, it is respectfully requested from the Honorable Court that judgment be entered in favor of plaintiff, and against the defendants, jointly and severally, in the amounts set forth in the Complaint, plus the costs of this action, a reasonable amount of attorney's fees, and such other relief as this Honorable Court deems proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 16th day of April, 2012.

IT IS HEREBY CERTIFIED that, on this same date, a true and exact copy of the aforementioned motion was electronically sent to all attorneys of record.

*Alicia M. Santos Irizarry Law Office*
802 Ave. San Patricio
Urb. Las Lomas
San Juan, Puerto Rico 00921
Tel. 787-963-0548 / Fax 787-963-0549
Email: *asantos@amsi-law.com*

S/Alicia M. Santos Irizarry
Alicia M. Santos Irizarry
USDC No. 222106